UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVEN GARRETT BRUNA,<br><br>                    Petitioner,<br><br>        v.<br><br>JAY CHRISTENSEN,<br><br>                    Respondent. | Case No. 1:21-cv-00301-REP<br><br>**INITIAL REVIEW ORDER and NOTICE OF OPPORTUNITY TO AMEND** |

Petitioner Steven Garrett Bruna has filed a Petition for Writ of Habeas Corpus challenging his Idaho state court convictions in two separate Kootenai County cases.[1] *See* Dkt. 3.

## 1.     Review of Petition

Federal habeas corpus relief is available to petitioners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). The Court is required to review each newly filed habeas corpus petition to determine whether it should be served upon the respondent, amended, or summarily dismissed. 28 U.S.C. § 2243. If "it plainly appears from the face of the

---

[1] The Advisory Committee Notes to Rule 2(e) of the Rules Governing Section 2254 Cases ("Habeas Rules") state that Rule 2(e) "permits, but does not require, an attack in a single petition on judgments based upon separate indictments or on separate counts ... [in] the same court." The Court would entertain a motion regarding whether the Court should allow this single case to proceed as a challenge to convictions in both state criminal cases or should, instead, require Petitioner to proceed with separate habeas cases.

INITIAL REVIEW ORDER and NOTICE OF OPPORTUNITY TO AMEND - 1

petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the Court must summarily dismiss the petition. Habeas Rule 4.

In Kootenai County Case No. CR-16-16862, Petitioner was convicted of aggravated assault and attempted strangulation. In Case No. CR-17-3288, Petitioner was convicted of domestic assault and battery. According to Petitioner, the judgments of conviction were entered on December 20, 2017. Petitioner received the following sentences: (1) "a unified term of ten years, with a minimum period of confinement of five years, for felony domestic battery"; (2) "a concurrent unified term of fifteen years, with a minimum period of confinement of seven years for attempted strangulation"; and (3) "a concurrent unified term of five years, with a minimum period of confinement of four years, for aggravated assault." *State v. Bruna*, No. 45876, 2019 WL 718846, at *1 (Idaho Ct. App. Feb. 20, 2019) (unpublished). Petitioner pursued a direct appeal, as well as state post-conviction proceedings. *See* Dkt. 3 at 2–3.

Petitioner currently has a second petition for post-conviction relief pending in Idaho state court. *Id*. at 4, 10. Along with the instant federal Petition, Petitioner has filed a Motion to Stay this case pending the completion of his ongoing state post-conviction proceedings. *See* Dkt. 6.

In his federal petition, Petitioner asserts due process and equal protection claims based on the trial court's (1) imposition of sentences and (2) denial of Petitioner's motion to reduce sentence under Idaho Criminal Rule 35.[2] *See* Dkt. 3 at 6–7. Petitioner states that

---

[2] These claims also may be intended as claims of excessive sentences under either the Eighth Amendment or Idaho state law, though that is unclear. If Plaintiff intends to assert claims under any constitutional

he raised these claims in state court on direct appeal. The federal Petition does not appear to assert any claims that are currently pending in the Idaho state courts.

Although Petitioner seeks a stay so that he can continue to litigate his successive post-conviction claims in state court, the Court notifies Petitioner that failing to include all of his potential claims now may jeopardize his federal statute of limitations filing date as to claims that are not raised in the current petition but that may be raised in an amended petition after Petitioner's state court proceedings are completed. Therefore, because Petitioner may want to preserve the filing date of his original Petition for current claims—and preserve an early filing date for any amended claims—the Court will permit Petitioner to decide whether to file an amended petition before it rules on the Motion to Stay.

## 2.      Potentially Applicable Standards of Law

Because Petitioner is pro se, the Court provides the following explanatory legal standards to assist Petitioner in drafting any amended petition.

### A.      *Cognizable Claims*

As stated earlier, federal habeas corpus relief is available if the petitioner "is in custody in violation of the Constitution or laws or treaties *of the United States*." 28 U.S.C. § 2254(a) (emphasis added). That is, only federal claims may be raised in habeas

_____

provision other than the Due Process and Equal Protection Clauses, he must notify the Court and Respondent of the precise constitutional provision upon which each of his claims is based.

INITIAL REVIEW ORDER and NOTICE OF OPPORTUNITY TO AMEND - 3

corpus. "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

**B.      Exhaustion and Procedural Default**

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847.

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996). Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

INITIAL REVIEW ORDER and NOTICE OF OPPORTUNITY TO AMEND - 4

If a claim is procedurally defaulted, a federal court can only consider the merits of the claim if the petitioner meets one of two exceptions. The petitioner asserting a procedurally defaulted claim must make either (1) a showing of adequate legal cause for the default and prejudice arising from the default, or (2) a showing that a miscarriage of justice will occur if the claim is not heard in federal court. *See Coleman*, 501 U.S. at 731; *Schlup v. Delo*, 513 U.S. 298, 329 (1995); *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Carrier*, 477 U.S. at 488. To show "prejudice," a petitioner generally bears "the burden of showing not merely that the errors [in his proceeding] constituted a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Cause for the default may exist as a result of ineffective assistance of counsel. For example, the failure on appeal to raise a meritorious claim of trial error may render that claim procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) ("[I]n certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice."). However, for ineffective assistance of trial or direct appeal counsel to serve as cause to excuse the default of a claim, that ineffective assistance claim must itself have been separately presented to the state appellate courts. *Id.* at 451 ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the

procedural default of another claim can itself be procedurally defaulted.") If the ineffective assistance asserted as cause was not fairly presented to the state courts, a petitioner must show that an excuse for that separate default exists, as well.

A petitioner does not have a federal constitutional right to the effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). As a result, the general rule is that any errors of counsel during a post-conviction action cannot serve as a basis for cause to excuse a procedural default. *Coleman*, 501 U.S. at 752.

However, the Supreme Court established an exception to that general rule in *Martinez v. Ryan*, 566 U.S. 1 (2012). *Martinez* held that, in limited circumstances, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. The Supreme Court has described and clarified the *Martinez* cause and prejudice test as consisting of four necessary prongs: (1) the underlying claim of ineffective assistance of trial counsel ("IATC") must be a "substantial" claim; (2) the "cause" for the procedural default consists of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" collateral review proceeding where the IATC claim could have been brought; and (4) state law requires that an IATC claim be raised in an initial-review collateral proceeding, or by "design and operation" such claims must be raised that way, rather than on direct appeal. *Trevino v. Thaler*, 569 U.S. 413, 423, 429 (2013).

INITIAL REVIEW ORDER and NOTICE OF OPPORTUNITY TO AMEND - 6

If a petitioner cannot show cause and prejudice for his procedural default, he can bring the claim in a federal habeas petition only if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice." *Carrier*, 477 U.S. at 496. This standard requires proof that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Id.* Actual innocence in this context "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

### C.    *Timeliness Issues*

#### i.    One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a petitioner to seek federal habeas corpus relief within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Timeliness is determined on a claim-by-claim basis, rather than giving the petition as a whole a single limitations period. *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012) ("Therefore, we hold that AEDPA's one-year statute of limitations in § 2244(d)(1) applies to each claim in a habeas application on an individual basis.").

The one-year statute of limitations can be tolled (or paused) under certain circumstances. AEDPA provides for tolling for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled between the date the direct appeal is final and the filing of a proper post-conviction application, nor is it tolled

INITIAL REVIEW ORDER and NOTICE OF OPPORTUNITY TO AMEND - 7

between post-conviction finality and any successive collateral review petition. *See Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999), *abrogated on other grounds as stated in Nedds v. Calderon*, 678 F.3d 777, 781 (9th Cir. 2012). Further, each time statutory tolling ends, the statute of limitations does not restart at one year. Instead, the limitations period begins running at the place where it stopped before the collateral review action was filed.

The statute of limitations can also be equitably tolled under exceptional circumstances. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). In addition, like procedural default, AEDPA's statute of limitations is subject to an actual innocence exception, and a petitioner who satisfies the actual innocence gateway standard may have otherwise time-barred claims heard on the merits. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013); *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc).

ii. Stay-and-Abey Procedures and Relation-Back of Amendments

Because Petitioner is seeking a stay of this case while state court proceedings are ongoing, the Court notifies Petitioner that failing to raise any unexhausted claims in an amended petition *in this case* may jeopardize his federal statute of limitations filing date for such claims.

Prior to the enactment of AEDPA, the Supreme Court had held that federal courts could adjudicate a habeas petition only if *all* the claims in that petition were exhausted.

INITIAL REVIEW ORDER and NOTICE OF OPPORTUNITY TO AMEND - 8

*See Rose v. Lundy*, 455 U.S. 509, 522 (1982). This doctrine of "total exhaustion" required that a district court dismiss, without prejudice, any habeas petition that included even one unexhausted claim. *Id.* The appropriate course, if a claim was unexhausted, was to dismiss the petition without prejudice. Then, once the petitioner had exhausted the unexhausted claims in state court, he could return to federal court and file a new habeas petition. Alternatively, the petitioner could choose to "amend[] or resubmit[] the habeas petition to present only exhausted claims to the district court." *Id*. at 510.

The total exhaustion requirement became problematic with the passage of AEDPA, which not only preserved that requirement, but also imposed a one-year statute of limitations for federal habeas petitions. *See* 28 U.S.C. § 2244(d). As the Supreme Court later observed,

> As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy*'s dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review.

*Rhines v. Weber*, 544 U.S. 269, 275 (2005).

To address this problem, the Supreme Court held in *Rhines* that a federal district court has the discretion to stay a mixed habeas petition—a petition containing both exhausted and unexhausted claims—to allow the petitioner to present the unexhausted claims to the state courts and then later return to federal court for review of the perfected

petition. *Id*. at 277. Staying a habeas case preserves the original filing date of the claims asserted in the original petition, for purposes of the one-year federal statute of limitations period.

The Ninth Circuit has since extended the holding in *Rhines*, so that the "stay-and-abeyance procedure is not limited to mixed petitions, and a district court may stay a petition that raises only unexhausted claims." *Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016). However, a stay is inappropriate if *all* the claims in a petition are exhausted. To warrant a stay, at least one of the pending state court claims must be included in the federal petition—that is, the petition must be either mixed or completely unexhausted. Here, because the only claims in the instant federal Petition were raised on direct appeal in state court, it appears that all of Petitioner's current federal claims are exhausted. If that is the case, a stay would not be appropriate.

Moreover, an important consideration for federal habeas petitioners is that statutory tolling of the limitations period is not permitted if the state post-conviction action was not "properly filed." If a petitioner files an untimely state post-conviction action—or one that is procedurally improper for another reason—then that action *cannot* toll the federal limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005). Unfortunately, a petitioner usually does not receive a state court order concluding that a post-conviction action is procedurally improper until *after* the federal statute of limitations has expired, causing loss of the claims the petitioner had hoped to exhaust in the state post-conviction matter. Once the federal statute of limitations has expired, it

INITIAL REVIEW ORDER and NOTICE OF OPPORTUNITY TO AMEND - 10

cannot be reinstated or resurrected by a later-filed state court action. *See Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

There is a second important statute-of-limitations consideration for federal habeas petitioners: If a petitioner amends a petition after the federal statute of limitations has run, the amendments might not receive the benefit of, or "relate back" to, the original petition's filing date. Amendments relate back to the original petition only if the original and amended pleadings both arise out of the same "'conduct, transaction, or occurrence.'" *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (alteration omitted) (quoting Fed. R. Civ. P. 15(c)(2), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562–63 (2007). Because Rule 15 is applied in conjunction with the "more demanding" standard in Habeas Rule 2(c), the words "same 'conduct, transaction, or occurrence" do *not* mean simply "the same 'trial, conviction, or sentence.'" *Id*. at 655, 664. Rather, relation back is proper only when "the original and amended petitions state claims that are tied to a common core of operative facts."[3] *Id*.

Courts use a two-step analysis to decide whether, for statute of limitations purposes, a claim in an amended petition relates back to a claim in the original petition.

---

[3] The Supreme Court offered the following examples of cases where this standard was satisfied: (1) *Mandacina v. United States*, 328 F.3d 995, 1000–1001 (8th Cir. 2003), in which the original petition alleged violations of *Brady v. Maryland*, 373 U.S. 83 (1963), "while the amended petition alleged the Government's failure to disclose a particular report," and "[b]oth pleadings related to evidence obtained at the same time by the same police department"; and (2) *Woodward v. Williams*, 263 F.3d 1135, 1142 (10th Cir. 2001), in which "the original petition challenged the trial court's admission of recanted statements, while the amended petition challenged the court's refusal to allow the defendant to show that the statements had been recanted." *Mayle*, 545 U.S. at 664 n.7.

The district court first must "determine what claims the amended petition alleges and what core facts underlie those claims." *Ross v. Williams*, 950 F.3d 1160, 1167 (9th Cir. 2020). Then, "for each claim in the amended petition," the court must "look to the body of the original petition and its exhibits to see whether" (a) "the original petition set out or attempted to set out a corresponding factual episode," or (b) "whether the claim is instead supported by facts that differ in both time and type from those the original pleading set forth." *Id*. (internal quotation marks and alterations omitted).

In addition, an amendment invoking a legal theory not suggested in the original petition relates back to that original petition only if it arises from the same "episode-in-suit." *Mayle*, 545 U.S. at 659–60 (citing *Tiller v. Atl. Coast Line R. Co*., 323 U.S. 574, 580–81 (1945)). For example, ineffective assistance claims relate back to claims where the underlying substantive error is based on the same set of facts. *See Nguyen v. Curry*, 736 F.3d 1287, 1296–97 (9th Cir. 2013) (determining that a claim that appellate counsel was ineffective for failing to raise double jeopardy issue related back to a timely-raised substantive double jeopardy claim), *abrogated on other grounds by Davila v. Davis*, 137 S. Ct. 2058 (2017); *Abdulle v. Uttecht*, 2020 WL 2065882 (W.D. Wash. Jan. 6, 2020) (report and recomm'n), *relevant portion adopted by*, 2020 WL 2063772, at *2 (W.D. Wash. Apr. 29, 2020) (district court order).

3.     **Conclusion**

Because Petitioner may intend to include additional claims in this federal habeas case, the Court will give Petitioner an opportunity to file an amended petition. Any such

petition should include all claims that Petitioner intends to raise, at any point, in this federal habeas corpus case—not just claims that have already been decided in state court. If Petitioner does not file a timely amended petition, the Motion to Stay may be denied, given that the only claims in the instant Petition are already exhausted.

## ORDER

**IT IS ORDERED:**

1.     Petitioner's Application to Proceed in Forma Pauperis (Dkt. 1) is GRANTED. Petitioner shall pay the $5.00 filing fee when he next receives funds in his prison trust account.

2.     Petitioner's request for appointment of counsel (contained in the Petition) is DENIED without prejudice.

3.     Within 60 days after entry of this Order, Petitioner must take one of two actions in this matter. Petitioner may choose to file an amended petition, which should include all of Petitioner's claims that relate to the particular judgments of conviction and sentences challenged in this action—including those claims with a federal basis, if any, that Petitioner is now pursuing in state court. If Petitioner chooses this route, the Court will consider the Motion to Stay in light of the claims in the amended petition.

4.     Alternatively, Petitioner may file a notice that he intends to proceed with his original petition, in which case the Court will consider the Motion to Stay in light of the claims in the original petition.

INITIAL REVIEW ORDER and NOTICE OF OPPORTUNITY TO AMEND - 13

5.    If Petition neither files a timely amended petition nor a notice of intent to

proceed on the original petition, the Court will assume Petitioner intends to

proceed on the original petition.


DATED:  August 10, 2021

Honorable Raymond E. Patricco
United States Magistrate Judge

INITIAL REVIEW ORDER and NOTICE OF OPPORTUNITY TO AMEND - 14